IN THE SUPREME COURT OF THE STATE OF NEVADA

JOHN A. COE,
                                    Appellant,
              vs.
AMY GIANNINI,
                                    Respondent.

No. 82789

FILED

AUG 19 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

*ORDER DISMISSING APPEAL*

This is a pro se appeal from a district court order modifying custody of a minor child. Second Judicial District Court, Washoe County; Dixie Grossman, Judge.

This appeal was docketed in this court on April 20, 2021. On that date, the clerk of this court issued a notice directing appellant to file and serve the fast track statement by June 1, 2021.[1] *See* NRAP 3E(d)(1). Appellant failed to comply and on July 14, 2021, this court entered an order directing appellant to file and serve the fast track statement by July 28, 2021.[2] Our order cautioned that failure to timely file and serve the fast track statement could result in the dismissal of this appeal as abandoned. *See* NRAP 3E(i). To date, appellant has not filed the fast track statement or

---

[1]A copy of the notice is attached.

[2]A copy of this order is attached.

SUPREME COURT
OF
NEVADA

(O) 1947A

21-24240

otherwise communicated with this court. Accordingly, it appears that appellant has abandoned this appeal and we

ORDER this appeal DISMISSED.

_____, J.
Parraguirre

_____, J.
Stiglich

_____, J.
Silver

cc: Hon. Dixie Grossman, District Judge
John A. Coe
Erin N. Grieve
Washoe District Court Clerk

# IN THE SUPREME COURT OF THE STATE OF NEVADA
## OFFICE OF THE CLERK

JOHN A. COE,
Appellant,
vs.
AMY GIANNINI,
Respondent.

**Supreme Court No. 82789**
District Court Case No. FV1004720

## INSTRUCTIONS/NOTICE REGARDING DEADLINES - FAST TRACK CHILD CUSTODY

TO: John A. Coe
Erin N. Grieve

## PLEASE CAREFULLY REVIEW THE INFORMATION BELOW REGARDING REQUIREMENTS FOR THIS APPEAL.

## Definitions/Terms

"NRAP" stands for Nevada Rules of Appellate Procedure, which govern procedure in the Nevada Supreme Court and Nevada Court of Appeals.

"Pro se" refers to a party acting on his or her own behalf without the assistance of an attorney.

"In forma pauperis" refers to a party who has been determined by a court to be indigent and not required to pay filing fees. Only a court can grant a party in forma pauperis status. Please see NRAP 24 for more information.

Copies of all documents sent to the court for filing must also be served on all other parties in the appeal. Such service should be made at the same time the document is sent for filing, and may be accomplished by mailing a copy of the document to the other party (if the other party has an attorney, the document should be mailed to the attorney). Please see NRAP 25(b) and NRAP 25(c). The rules do not require that copies served on other parties be file-stamped by the court.

## Required Documents/Deadlines

### 1. Transcript Request Form

Within 14 days, appellant(s) must file in this court either (1) a transcript request form requesting transcripts of all district court proceedings that are necessary for the court's review on appeal; or (2) a certificate that no transcripts are being

21-11371

requested. See NRAP 9. The enclosed blank transcript request form may be used.

APPELLANTS WHO HAVE NOT BEEN GRANTED IN FORMA PAUPERIS STATUS must serve a copy of the transcript request form on the court reporter/recorder who reported the proceedings and on all other parties to the appeal and must also pay an appropriate deposit to the court reporter/recorder at the time of service. NRAP 9(b)(1)(B). Upon receiving a transcript, the party who requested it must file a copy of the transcript in this court. NRAP 9(b)(1)(B).

APPELLANTS WHO ARE IN FORMA PAUPERIS should not serve a transcript request form on the court reporter/recorder, but should still file the request in this court; the court will review the request and enter an appropriate order.

## 2. Docketing Statement

Within 21 days, all appellant(s) must file in this court a docketing statement that complies with NRAP 14. The enclosed blank docketing statement may be used.

FOR APPELLANTS WHO ARE IN FORMA PAUPERIS, the requirement that supporting documents be attached to the docketing statement may be waived.

## 3. Child Custody Fast Track Statement

Within 40 days, appellant(s) must file in this court a child custody fast track statement that complies with NRAP 3E. The enclosed blank "Pro Se Child Custody Fast Track Statement" form may be used. Failure to file the child custody fast track statement by the deadline may result in dismissal of the appeal.

## Appendices/record

Pro se parties are not permitted to file an appendix to their fast track statement. NRAP 3E(d)(5). If the court's review of the complete trial court record is necessary, the court will direct the district court to transmit the record. Pro se parties are not required to cite the record in their briefs, but are encouraged to do so if possible. See NRAP 3E(d)(5).

## Fast Track Response

Within 21 days from the date a fast track statement is served, respondent(s) must file a fast track response in this court and serve one copy of the fast track response on the opposing party.

DATE: April 20, 2021

Elizabeth A. Brown, Clerk of Court

21-11371

By: Linda Hamilton
    Deputy Clerk

Notification List
    Paper
    John A. Coe
    Erin N. Grieve

# IN THE SUPREME COURT OF THE STATE OF NEVADA

JOHN A. COE,
                            Appellant,

                    vs.

AMY GIANNINI,
                            Respondent.

No. 82789

**FILED**

JUL 1 4 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER

This pro se appeal was docketed on April 20, 2021. On that date, the clerk of this court issued a notice directing appellant to file and serve the fast track statement by June 1, 2021. *See* NRAP 3E(d)(1). To date, appellant has not filed the fast track statement or otherwise communicated with this court.

Appellant shall have 14 days from the date of this order to file and serve the fast track statement. Failure to timely file and serve the fast track statement may result in the dismissal of this appeal as abandoned. *See* NRAP 3E(i).

It is so ORDERED.

_____, C.J.

cc:     John A. Coe
        Erin N. Grieve

SUPREME COURT
OF
NEVADA

21-20325